**U.S. Department of Justice**

**RECEIVED**

*United States Attorney*
*District of New Jersey*

SEP 2 4 2013

CHAMBERS OF THE
HON. MICHAEL A. SHIPP,
U.S.D.J.   973/645-2700

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

MN/PL AGR
2011R01475

May 22, 2013

Thomas R. Ashley, Esq.
Law Office of Thomas R. Ashley
50 Park Place, Suite 1400
Newark, New Jersey  07102

Re:  <u>Plea Agreement with Shawn L. Craig</u>

Dear Mr. Ashley:

This letter sets forth the plea agreement between your client, Shawn L. Craig, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Shawn L. Craig to Counts 1 and 3 of an Information, charging Shawn L. Craig with mail fraud, in violation of 18  U.S.C. § 1341 (Count 1), and making and subscribing to a false personal federal income tax return for tax year 2011, in violation of 26 U.S.C. § 7206(1) (Count 3).  If Shawn L. Craig enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Shawn L. Craig relating to (i) her participation in these crimes from in or about January 2010 to in or about January 2012 and (ii) the matters alleged in the criminal complaint, <u>United States v. Shawn L. Craig</u>, Mag. No. 12-7286 (CLW).  In addition, if Shawn L. Craig fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Count 2 of the Information.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Shawn L. Craig agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Shawn L. Craig may be commenced against

her, notwithstanding the expiration of the limitations period after Shawn L. Craig signs the agreement.

This plea agreement is contingent upon approval by the Department of Justice, Tax Division.

Sentencing

The violation of 18 U.S.C. § 1341 to which Shawn L. Craig agrees to plead guilty carries a statutory maximum prison sentence of 20 years. The violation of 26 U.S.C. § 7206(1) to which Shawn L. Craig agrees to plead guilty carries a statutory maximum prison sentence of 3 years. Each of the violations to which Shawn L. Craig agrees to plead guilty carries a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Shawn L. Craig is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Shawn L. Craig ultimately will receive.

Further, in addition to imposing any other penalty on Shawn L. Craig, the sentencing judge: (1) will order Shawn L. Craig to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Shawn L. Craig to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Shawn L. Craig, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense; (4) may order Shawn L. Craig to pay the costs of prosecution in connection with the Title 26, United States Code, Section 7206(1) offense; and (5) pursuant to 18 U.S.C. § 3583, may require Shawn L. Craig to serve a term of supervised release of not more than 3 years on Count 1, and not more than 1 year on Count 3, which will begin at the expiration of any term of imprisonment imposed. Should Shawn L. Craig be

- 2 -

placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Shawn L. Craig may be sentenced to not more than 2 years' imprisonment on Count 1 and not more than 1 year imprisonment on Count 3 in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Shawn L. Craig agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to the victim specified in the Information in the amount of $75,663.24.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Shawn L. Craig by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of Shawn L. Craig's activities and relevant conduct with respect to this case.

Stipulations

This Office and Shawn L. Craig agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any

such stipulation. A determination that any stipulation is not
binding shall not release either this Office or Shawn L. Craig
from any other portion of this agreement, including any other
stipulation. If the sentencing court rejects a stipulation, both
parties reserve the right to argue on appeal or at post-
sentencing proceedings that the sentencing court was within its
discretion and authority to do so. These stipulations do not
restrict this Office's right to respond to questions from the
Court and to correct misinformation that has been provided to the
Court.

Waiver of Appeal and Post-Sentencing Rights

        As set forth in Schedule A, this Office and Shawn L.
Craig waive certain rights to file an appeal, collateral attack,
writ, or motion after sentencing, including but not limited to an
appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

        Shawn L. Craig understands that, if she is not a
citizen of the United States, her guilty plea to the charged
offenses will likely result in her being subject to immigration
proceedings and removed from the United States by making her
deportable, excludable, or inadmissible, or ending her
naturalization. Shawn L. Craig understands that the immigration
consequences of this plea will be imposed in a separate
proceeding before the immigration authorities. Shawn L. Craig
wants and agrees to plead guilty to the charged offenses
regardless of any immigration consequences of this plea, even if
this plea will cause removal from the United States. Shawn L.
Craig understands that she is bound by her guilty plea regardless
of any immigration consequences of the plea. Accordingly, Shawn
L. Craig waives any and all challenges to her guilty plea and to
her sentence based on any immigration consequences, and agrees
not to seek to withdraw her guilty plea, or to file a direct
appeal or any kind of collateral attack challenging her guilty
plea, conviction, or sentence, based on any immigration
consequences of her guilty plea.

Other Provisions

        This agreement is limited to the United States
Attorney's Office for the District of New Jersey and cannot bind
other federal, state, or local authorities. However, this Office
will bring this agreement to the attention of other prosecuting
offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Shawn L. Craig. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Shawn L. Craig.

Prior to the date of sentencing, Shawn L. Craig shall: (1) either sign Internal Revenue Service Form 870 (Waiver of Restrictions on Assessment and Collection of Deficiency in Tax) relating to tax years 2008 through 2011 or file accurate amended personal returns for calendar years 2008 through 2011; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Shawn L. Craig agrees to allow the contents of her IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Shawn L. Craig. With respect to disclosure of the criminal file to the Internal Revenue Service, Shawn L. Craig waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Shawn L. Craig's tax returns and return information.

No Other Promises

This agreement constitutes the plea agreement between Shawn L. Craig and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: MAUREEN NAKLY
Assistant U.S. Attorney

APPROVED:


_____
James Nobile, Chief
Special Prosecutions Division


        I have received this letter from my attorney, Thomas R.
Ashley, Esq.  I have read it.  My attorney and I have discussed
it and all of its provisions, including those addressing the
charges, sentencing, stipulations, waiver, and restitution.  I
understand this letter fully.  I hereby accept its terms and
conditions and acknowledge that it constitutes the plea agreement
between the parties.  I understand that no additional promises,
agreements, or conditions have been made or will be made unless
set forth in writing and signed by the parties.  I want to plead
guilty pursuant to this plea agreement.



AGREED AND ACCEPTED:


_____          Date: 7/12/2013
Shawn L. Craig



        I have discussed with my client this plea agreement and
all of its provisions, including those addressing the charges,
sentencing, stipulations, waiver, and restitution.  My client
understands this plea agreement fully and wants to plead guilty
pursuant to it.


_____          Date: 7/12/2013
Thomas R. Ashley, Esq.


- 6 -

Plea Agreement With Shawn L. Craig

## Schedule A

1.  This Office and Shawn L. Craig recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Shawn L. Craig nevertheless agree to the stipulations set forth herein.

2.  The version of the United States Sentencing Guidelines effective November 1, 2012 applies in this case.

### Mail Fraud Offense

3.  The applicable guideline is U.S.S.G. § 2B1.1.  This guideline carries a Base Offense Level of 7.

4.  Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(E) applies, because the total criminal loss applicable to the mail fraud offense was greater than $70,000, but less than $120,000 (i.e., $99,163.24).  This Specific Offense Characteristic results in an increase of 8 levels.

5.  Shawn L. Craig knew or should have known that a victim of the offense was a vulnerable victim.  Pursuant to U.S.S.G. § 3A1.1(b)(1), this results in an increase of 2 levels.

6.  Shawn L. Craig abused a position of private trust in a manner that significantly facilitated the commission and concealment of the relevant criminal activity, pursuant to U.S.S.G. § 3B1.3.  This results in an increase of 2 levels.

7.  Accordingly, the Offense Level applicable to this offense is 19.

### Tax Offense

8.  The applicable Guideline for the tax offense is U.S.S.G. § 2T1.1, which refers to the Tax Table at U.S.S.G. § 2T4.1 corresponding to the amount of criminal tax loss.  The total criminal tax loss in this case was greater than $12,500, but less than $30,000.  This results in a Base Offense Level of 12.  See U.S.S.G. § 2T4.1(D).

9.  Specific Offense Characteristic U.S.S.G. § 2T1.1(b)(1) applies, because Shawn L. Craig failed to report or to correctly identify the source of income exceeding $10,000 in

any year from criminal activity.  This Specific Offense
Characteristic results in an increase of 2 levels.

10.  Accordingly, the Offense Level applicable to the
tax offense is 14.

### Combined Offense Level

11.  The parties agree that the mail fraud (Count 1)
and tax fraud (Count 3) offenses are not grouped.  Pursuant to
U.S.S.G. § 3D1.4(a), the mail fraud offense, which results in an
Offense Level of 19 (the highest offense level applicable to this
case), counts as one unit.  Pursuant to U.S.S.G. § 3D1.4(b), the
tax offense counts as one-half unit because it carries an Offense
Level of 14, which is 5 to 8 levels less serious than Offense
Level applicable to the mail fraud offense.  Therefore, the total
number of units applicable to this case is 1 ½ , which results in
a 1 level increase to the Offense Level.  Accordingly, the
Combined Offense Level applicable to these offenses is 20.

### Other Stipulations

12.  As of the date of this letter, Shawn L. Craig has
clearly demonstrated a recognition and affirmative acceptance of
personal responsibility for the offenses charged.  Therefore, a
downward adjustment of 2 levels for acceptance of responsibility
is appropriate if Shawn L. Craig's acceptance of responsibility
continues through the date of sentencing.  See U.S.S.G.
§ 3E1.1(a).

13.  As of the date of this letter, Shawn L. Craig has
assisted authorities in the investigation or prosecution of her
own misconduct by timely notifying authorities of her intention
to enter a plea of guilty, thereby permitting this Office to
avoid preparing for trial and permitting this Office and the
court to allocate their resources efficiently.  At sentencing,
this Office will move for a further 1-point reduction in Shawn L.
Craig's offense level pursuant to U.S.S.G. § 3E1.1(b) if the
following conditions are met:  (a) Shawn L. Craig enters a plea
pursuant to this agreement, (b) this Office in its discretion
determines that Shawn L. Craig's acceptance of responsibility has
continued through the date of sentencing and Shawn L. Craig
therefore qualifies for a 2-point reduction for acceptance of
responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Shawn L.
Craig's offense level under the Guidelines prior to the operation
of § 3E1.1(a) is 16 or greater.

14.   In accordance with the above, the parties agree that the total Guidelines offense level applicable to Shawn L. Craig is 17 (the "agreed total Guidelines offense level").

15.   The parties agree that Shawn L. Craig will seek a variance and argue for a sentence outside the advisory Guidelines range resulting from the agreed total Guidelines offense level of 17, pursuant to 18 U.S.C. § 3553(a).  The United States reserves the right to oppose a request for a variance.  The parties further agree not to seek or argue for any upward or downward departure or adjustment not set forth herein.

16.   Shawn L. Craig knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

17.   Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.